## BENJAMIN TERWILLIGER *v.* SAMUEL KNAPP.

The plaintiff, on the 29th or 30th day of December, having contracted to sell to the defendant 50,000 bricks, deliverable from his vessel, 20,000 thereof at the foot of Charlton-street, and the remaining 30,000 at the foot of Thirtieth-street, landed the 20,000 accordingly, but was prevented by the want of wind from removing his vessel to the street last mentioned until December 31st, on which day the defendant gave the plaintiff notice, that by reason of the delay, he would not accept the bricks. *Held*, that no time for the delivery having been specified in the contract of sale, the plaintiff had a *reasonable* time for that purpose, and that the delay of one-day did not, under the circumstances, put him in default, nor amount to a breach of the contract on his part.

The plaintiff, having received the notice referred to, was at liberty to regard the contract of sale as ended, and was justified in selling to other persons.

Having afterwards taken away the first lot of 20,000, the defendant was liable to pay the full market value thereof, without regard to the price fixed in the original contract.

THE plaintiff sued the defendant in the Third District Court, upon a sale and delivery of 20,000 bricks, and recovered judgment for their market value as proved. The defence was, first, that the plaintiff, having contracted to deliver 50,000 bricks, had failed to deliver 30,000 thereof, and that he was not entitled to any payment until his contract was completely fulfilled; secondly, that the defendant should be allowed, by way of set off or recoupment, to damages for the alleged breach, to the extent of the difference between the value of the 30,000 bricks and the contract price thereof. The facts disclosed by the evidence in the court below are stated in the opinion.

The case came up on the defendant's appeal.

*W. McDermott*, for the appellant, cited, to sustain the first branch of the defence, *Champlin* v. *Rowley*, 13 Wend. 258; *Sickels* v. *Pattison*, 14 Wend. 257; *Thorp* v. *White*, 13 Johns. 53, and Id. 94 and 390; 2 Kent's Com. 6th ed. 509 and note; *Davenport* v. *Wheeler*, 7 Cow. 231. He also

Terwilliger v. Knapp.

referred to *Beebe* v. *Johnson*, 19 Wend. 500; *Blanchard* v. *Ely*, 21 Wend. 342; *Whitney* v. *Allaire*, 1 Coms. 305; *Van Epps* v. *Harrison*, 5 Hill, 65; *Batterman* v. *Pearce*, 3 Hill, 172.

*Geo. P. Nelson*, for the respondent.

BY THE COURT. WOODRUFF, J.—This judgment must be affirmed. Taking the proofs in relation to the plaintiff's contract to establish its import in accordance with the views of the defendant, the facts seem to me to be—

The plaintiff had on board his vessel, at the foot of Charlton-street, 50,000 bricks, and on or about the 29th December, the defendant agreed to purchase them, at $5 00 per thousand; 20,000 to be delivered there, where the vessel lay, and 30,000 to be delivered between Twenty-ninth and Thirtieth streets, and to be paid for on delivery. No *time* for the delivery appears to have been specified.

The plaintiff thereupon delivered the 20,000 bricks on the 29th and 30th December, and on the 31st December, there being no wind sufficient to enable the vessel to remove "up town" to Thirtieth-street, and, according to the evidence, *no berth* there for the vessel from which to discharge the bricks, she remained at the foot of Charlton-street that day. On that same 31st December, the defendant notified the plaintiff that he would not take the bricks.

Up to that moment the plaintiff had not broken his contract. No time for delivery being specified, he was entitled to a reasonable time to make it. And there was here no unreasonable delay. Indeed it is doubtful, upon this evidence, whether the defendant could put the plaintiff in default in this respect without a demand.

We are hardly willing to say that a delay from the 30th to the 31st, in removing the vessel, would have been any breach of the contract, even if there had been no adverse circumstances preventing such removal, and certainly not when the movement of the vessel depended upon the ele-

ments, and she *could not* be removed for the want of *wind.*

The plaintiff was, therefore, not in fault when the defendant gave him notice that he would not take the bricks, and the plaintiff would have been fully justified in assenting to this notice as a rescission of the contract of sale, and in disposing of *all* the bricks to other parties. Or he might afterwards remove to Thirtieth-street, and there tender the remaining 30,000 bricks, and if refused, sue for the price of the whole. The defendant having given such notice, cannot complain that the ~~defendant~~ took him at his word.

The plaintiff had, therefore, a right to sell the 30,000 to others, as he did, and we think he might, also, have retained the 20,000, but if he thought proper to suffer the defendant—after such rescission of the contract—to take away the 20,000, the defendant was bound to pay for them the full market value.

Judgment affirmed, with costs.